UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIGNA ZARDA RAMOS,

    Plaintiff,
v.                                                 Case No. 8:25-cv-3521-WFJ-CPT

WALMART STORES EAST, L.P.,
and JOHN DOE,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff's Motion to Remand (Dkt. 9) and Defendant's response (Dkt. 12). After careful consideration, the Court denies remand.

## BACKGROUND

Plaintiff Digna Zarda Ramos brings this personal injury action against Walmart Stores East, L.P. ("Walmart"). Both parties agree there is complete diversity of citizenship. The issue is whether Walmart knew at the time service of the complaint was perfected that the amount in controversy exceeded the jurisdictional threshold of $75,000 under the removal statute. *See* 28 U.S.C. § 1446(b)(1).

This removed action was filed in state court on October 30, 2025. Dkt. 1-1. Plaintiff asserts that the case was removable on November 12, 2025, when the state

court complaint was served on Defendant. The complaint alleges that damages exceed $50,000. Dkt. 1-1 ¶ 1.

Defendant contends that the case was not removable until December 2, 2025, the day it received Plaintiff's Florida Rule of Civil Procedure 1.280 initial disclosures. These post-suit disclosures detail and itemize Plaintiff's damages totaling $479,949.07. Dkt. 1-9.

Defendant removed this action on December 24, 2025, within thirty days of the disclosures but outside of thirty days from service of the initial complaint. Dkt. 1. Plaintiff relies on a pre-suit letter sent to Defendant on July 17, 2025, itemizing medical bills of $16,898.99 and demanding $1 million. Dkt. 9 at 8–10. Defendant denied the claim for liability payment on September 16, 2025. Dkt. 9 at 67–68. After review of the law set forth below, the Court finds the removal timely.

## DISCUSSION

"Case law is clear that 'the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount.'" *Del Rio v. Scottsdale Ins. Co.*, No. 6:05-cv-1429-Orl-19JGG, 2005 WL 3093434, at *3 (M.D. Fla. Nov. 18, 2005) (quotation citation omitted).[1]  The

---

[1] *See Nikollaj v. Fed. Ins. Co.*, 472 F. Supp. 3d 1138, 1140 (M.D. Fla. 2020) (quoting same); *Libert v. Fed. Ins. Co.*, No. 6:25-cv-1145-WWB-NWH, 2025 WL 2941545, at *2 (M.D. Fla. Oct. 17, 2025) (quoting same).

complaint here does not explicitly disclose the prerequisite $75,000 threshold jurisdictional amount; rather, the amount is stated as exceeding $50,000. Therefore, service of the initial complaint did not trigger the thirty-day removal period.

The removal statute provides that if the initial pleading is not removable on its face, then:

> [A] notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3) (emphasis added). "[I]f an 'other paper' is to trigger the thirty-day time period . . . of § 1446(b), the defendant must receive the 'other paper' *only after* it receives the initial pleading." *Nikolaj v. Fed. Ins. Co.*, 472 F. Supp. 3d 1138, 1140 (M.D. Fla. 2020) (quotation citation omitted and emphasis added); *Gerald v. Garrison Prop. & Cas. Ins. Co.*, No. 2:25-cv-254-SPC-NPM, 2025 WL 1222528, at *1 (M.D. Fla. Apr. 28, 2025) (quoting same). Thus, any pre-suit correspondence cannot be an "other paper" for purposes of the removal statute. *See Rocca v. Nat'l Specialty Ins. Co.*, No. 2:20-cv-64-FtM-38MRM, 2020 WL 6036882, at *2 (M.D. Fla. Feb. 24, 2020) (citing *McManus v. Nat'l Fire & Marine Ins. Co.*, 380 F. Supp. 3d 1260, 1262–63 (M.D. Fla. 2019)).

Because the letter sent to Defendant on July 17, 2025, itemizing medical bills of $16,898.99 and demanding $1 million, was delivered pre-suit, it does not

3

constitute an "other paper" under the removal statute. *See Holly v. State Farm Mut. Auto. Ins. Co.*, No. 6:19-cv-2344-Orl-22GJK, 2020 WL 13358528, at *5 (M.D. Fla. Mar. 26, 2020) (discussing that plaintiff's demand letters sent pre-suit were not "other papers" and finding remand was timely). Defendant Walmart was placed on notice that the amount in controversy exceeded $75,000, on December 2, 2025, the day it received Plaintiff's Florida Rule of Civil Procedure 1.280 initial disclosures, which detail Plaintiff's damages of $479,949.07. *See* Dkt. 1-9. Defendant's notice of removal filed on December 24 was timely because it falls within thirty days of the December 2 notice.

    Based on the foregoing reasoning, Plaintiff's motion to remand (Dkt. 9) is denied.

    **DONE AND ORDERED** at Tampa, Florida, on January 26, 2026.

                                                 WILLIAM F. JUNG
                                                 UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of Record